**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2265-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CURTIS R. JONES, a/k/a
CURTIS A. JONES,

    Defendant-Appellant.

_____

Submitted February 11, 2019 – Decided February 25, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-09-1457.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. S. Hebbon, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a December 11, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant maintains that his trial counsel rendered ineffective assistance. Judge Joseph Paone, who had tried the case, entered the order and rendered a thorough oral decision. On appeal, defendant argues:

> POINT I
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. [Intentionally omitted.]
>
> B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Honor Defendant's Desire To Testify At Trial.
>
> C. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Expose, Through Cross-Examination, The Bias And Interest R[.K.][1] Had In Testifying Against Defendant.
>
> D. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Voir Dire All Jurors And Promptly Move For A Mistrial When It

---

[1] We use initials to protect the privacy of the witness.

A-2265-17T1

Was Discovered That Juror Number Three Had Contacted And Befriended A Court Officer On Facebook.

E. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Object To The Restitution Amount And His Failure To Request A Hearing To Determine Petitioner's Ability To Pay.

F. Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial Counsel.

We have carefully considered defendant's arguments, in light of the applicable law, and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Paone in his well-reasoned oral decision, and add the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was

deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test).

In sum, defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits, and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                              A-2265-17T1